In re DETENTION OF HAROLD L. TINEY-BEY (The People of the State of Illinois, Petitioner-Appellee, v. Harold L. Tiney-Bey, Respondent-Appellant).

Fourth District    No. 4—98—0460

Argued December 17, 1998.—Opinion filed January 11, 1999.

Mark D. Lipton (argued), of Meyer, Capel, Hirschfeld, Muncy, Jahn & Aldeen, P.C., of Champaign, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Domenica A. Osterberger (argued), Assistant Attorney General, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

On May 6, 1998, the State filed a petition to have respondent, Harold Tiney-Bey, declared a sexually violent person, subject to the commitment provisions of the Sexually Violent Persons Commitment Act (Commitment Act) (725 ILCS 207/1 *et seq.* (West Supp. 1997)). After a hearing on May 11, 1998, probable cause to support the petition was found, and respondent was ordered to be evaluated by the Department

of Human Services (DHS) pursuant to the Commitment Act (725 ILCS 207/30(c) (West Supp. 1997)). On May 11, 1998, the State filed a jury demand, pursuant to the Commitment Act (725 ILCS 207/25(d), 35(c) (West Supp. 1997)). On May 22, 1998, the trial court denied respondent's motion to strike the jury demand. The trial court granted respondent's motion for interlocutory appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308). We affirm.

Respondent argues the trial court violated his right to remain silent by requiring him to subject himself to an interview with DHS, and the trial court denied him his right to waive a jury trial by granting the State's jury demand.

The Commitment Act contains an apparent inconsistency with respect to the right to a jury trial. Section 35(b) of the Commitment Act provides a subject of a petition with all the constitutional protections given a criminal defendant. 725 ILCS 207/35(b) (West Supp. 1997). In Illinois, a criminal defendant has the constitutional right to waive a jury trial. *People ex rel. Daley v. Joyce*, 126 Ill. 2d 209, 222, 533 N.E.2d 873, 879 (1988). However, under the Commitment Act, the State may request a jury trial. 725 ILCS 207/25(d), 35(c) (West Supp. 1997).

A criminal defendant also has the constitutional right to remain silent. U.S. Const., amend. V. However, the Commitment Act provides a respondent may be evaluated by DHS after probable cause has been established to determine if he is a sexually dangerous person. 725 ILCS 207/30(c) (West Supp. 1997). Respondent argues this provision forces him to communicate with the State and provide it with incriminating information.

In resolving these conflicts, we first determine whether the statute is criminal or civil in nature. This is an issue of statutory construction, and we defer to the stated intent of the legislature unless the party challenging the statute provides the clearest proof that the statutory scheme is punitive. *Kansas v. Hendricks*, 521 U.S. 346, 361, 138 L. Ed. 2d 501, 515, 117 S. Ct. 2072, 2082 (1997).

Respondent notes the Commitment Act provides for loss of his liberty. In *Allen v. Illinois*, 478 U.S. 364, 92 L. Ed. 2d 296, 106 S. Ct. 2988 (1986), the United States Supreme Court held similar commitment proceedings in the Sexually Dangerous Persons Act (725 ILCS 205/0.01 *et seq.* (West 1996)) were not criminal for purposes of the fifth amendment. The United States Supreme Court held the Kansas Sexually Violent Predator Act (Kan. Stat. Ann. § 59—29a01 *et seq.* (1994)), a similar statute, to be civil in nature for purposes of the double jeopardy and *ex post facto* clauses of the United States Constitution. The Kansas statute may be triggered when a person is being released from a prison term for a sexually violent offense, but may

also be triggered in some circumstances when a person is absolved of criminal responsibility. *Hendricks*, 521 U.S. at 362, 138 L. Ed. 2d at 515, 117 S. Ct. at 2082. The same is true of the Commitment Act. 725 ILCS 207/10(b) (West Supp. 1997).

The *Hendricks* Court noted the commitment proceedings at issue did not involve retribution or deterrence, and though the statute allowed for restraint for an indeterminate period, it included conditional discharge provisions that allowed the respondent to seek release at any time, required annual reexamination of the respondent, and required release once it was determined the respondent was no longer a threat to others. *Hendricks*, 521 U.S. at 363-64, 115 L. Ed. 2d at 516, 117 S. Ct. at 2083. The Commitment Act contains similar provisions. 725 ILCS 207/55, 60, 65 (West Supp. 1997).

■ The Commitment Act does provide several specific procedural protections analogous to those given a criminal defendant. See 725 ILCS 207/25(c)(1) (West Supp. 1997) (right to be present and represented by appointed counsel); 725 ILCS 207/25(c)(2) (West Supp. 1997) (right to remain silent); 725 ILCS 207/25(c)(3) (West Supp. 1997) (right to present and cross-examine witnesses); 725 ILCS 207/ 35(a) (West Supp. 1997) (right to a speedy trial); 725 ILCS 207/25(e) (West Supp. 1997) (right to appointment of an independent expert); 725 ILCS 207/35(d)(1) (West Supp. 1997) (the State must prove the allegations of its petition beyond a reasonable doubt); 725 ILCS 207/30 (West Supp. 1997) (a defendant may only be detained upon a finding of probable cause); 725 ILCS 207/35(b) (West Supp. 1997) (criminal rules of evidence apply). However, such provisions do not make the Commitment Act more invasive. These only add to the protections given to the individual, and they do not make an otherwise civil statute criminal in nature. *Hendricks*, 521 U.S. at 364-65, 138 L. Ed. 2d at 516-17, 117 S. Ct. at 2083.

Because proceedings under the Commitment Act are civil in nature, they do not trigger respondent's criminal constitutional rights. Respondent has no constitutional right to a trial by jury in a civil commitment proceeding. See *People v. Bradley*, 22 Ill. App. 3d 1076, 1087, 318 N.E.2d 267, 275 (1974) (no constitutional right to trial by jury in civil mental health commitment proceeding); *People v. Studdard*, 51 Ill. 2d 190, 196, 281 N.E.2d 678, 681 (1972) (no state constitutional right to trial by jury under the Sexually Dangerous Persons Act). Accordingly, respondent has no constitutional right to waive a jury trial. Similarly, respondent's constitutional right to remain silent is not implicated by the Commitment Act's psychiatric evaluation requirement because his incriminating statements to a psychiatrist during a compelled examination may not be used against him in a criminal

proceeding (*People v. Allen*, 107 Ill. 2d 91, 103-04, 481 N.E.2d 690, 696 (1985), *aff'd*, 478 U.S. 364, 92 L. Ed. 2d 296, 106 S. Ct. 2988 (1986) (interpreting the Sexually Dangerous Persons Act)). *Allen*, 478 U.S. at 368, 92 L. Ed. 2d at 304, 106 S. Ct. at 2992.

■ Therefore, even though respondent's rights under section 35(b) are modeled on the constitutional rights of a criminal defendant, these rights are statutory in origin, and the normal rules of statutory construction are used to resolve any conflict between section 35(b) and the other parts of the Commitment Act. In interpreting a statute, we give effect to the intent of the legislature. The best evidence of legislative intent is the language of the statute itself. *In re A.P.*, 179 Ill. 2d 184, 195, 688 N.E.2d 642, 648 (1997). Statutes must be construed in harmony with one another, insofar as it is reasonably possible, even when they are in apparent conflict. *People v. Maya*, 105 Ill. 2d 281, 287, 473 N.E.2d 1287, 1290 (1985). If possible, effect is given to every word, clause, and sentence, and a court may not read a statute so as to render any part inoperative, superfluous, or insignificant. *Bauer v. H.H. Hall Construction Co.*, 140 Ill. App. 3d 1025, 1028, 489 N.E.2d 31, 33 (1986). Where two statutory sections are in irreconcilable conflict, the specific provision controls over the general one. *Old Ben Coal Co. v. Department of Mines & Minerals*, 207 Ill. App. 3d 1088, 1093, 566 N.E.2d 813, 816 (1991).

■ Respondent argues these rules of construction do not apply here and that, even if proceedings under the Commitment Act are civil for purposes of triggering his constitutional rights, the Commitment Act is "quasi-criminal," and so the rule of lenity, rather than the above rules of statutory construction, should guide our analysis. Under the rule of lenity, a criminal or penal statute is to be strictly construed in favor of an accused, and nothing is to be taken by intendment or implication against him beyond the obvious or literal meaning of such statutes. *People v. Eagle Food Centers, Inc.*, 31 Ill. 2d 535, 539, 202 N.E.2d 473, 475 (1964).

■ We reject this argument. First, there is no reason to treat the Commitment Act as criminal for purposes of the rule of lenity when the legislature clearly intends it to be treated as a civil statute, and the statute is not sufficiently penal to trigger respondent's criminal constitutional rights. The cases cited by respondent strictly construing the Sexually Dangerous Persons Act all predate the United States Supreme Court's decisions in *Allen* and *Hendricks*. Second, the above rules of statutory construction still apply when interpreting criminal statutes, notwithstanding the rule of lenity. See *People v. Gawlak*, 276 Ill. App. 3d 286, 291, 657 N.E.2d 1057, 1061 (1995); *People v. Jackson*, 223 Ill. App. 3d 331, 333-34, 584 N.E.2d 836, 838 (1991); *People v. Vil-*

*larreal*, 152 Ill. 2d 368, 379, 604 N.E.2d 923, 928 (1992); *People v. Zaremba*, 158 Ill. 2d 36, 40, 630 N.E.2d 797, 799 (1994).

The language in section 35(b) upon which respondent relies is intended to provide a general protection for subjects where the Commitment Act is otherwise silent. Several of the protections in the Commitment Act cited in respondent's argument that the Commitment Act is criminal in nature would be superfluous if section 35(b)'s general incorporation of constitutional rights were to prevail over provisions of the Commitment Act that specifically define these rights. See 725 ILCS 207/25(c)(1) (West Supp. 1997) (right to be present and represented by appointed counsel); 725 ILCS 207/25(c)(3) (West Supp. 1997) (right to present and cross-examine witnesses); 725 ILCS 207/35(d)(1) (West Supp. 1997) (the State must prove the allegations of its petition beyond a reasonable doubt). Respondent's argument that he has the right to a bench trial is in conflict with the express terms of the Commitment Act that provide the State the right to a jury trial. 725 ILCS 207/25(d), 35(c) (West Supp. 1997). To give these specific provisions any meaning at all, they must prevail over the general provision in section 35(b).

■ The argument that respondent has the right to remain silent at a psychological evaluation also fails. Section 35(b) relates generally to the respondent's rights *at trial* (725 ILCS 207/35 (West Supp. 1997)). The Commitment Act contains a specific provision granting a respondent the right to remain silent, which only applies in *hearings* under the Commitment Act. 725 ILCS 207/25(c)(2) (West Supp. 1997). This limited right controls over any general right to remain silent implied by section 35(b). The specific provision requiring a psychiatric evaluation would be meaningless if the general provisions of section 35(b) were meant to incorporate the right to remain silent at these evaluations.

Section 30(c) of the Commitment Act has recently been amended to provide:

> "If the person named in the petition refuses to speak to, communicate with, or otherwise fails to cooperate with the expert from [DHS] who is conducting the evaluation, the person shall be prohibited from introducing testimony or evidence from any expert or professional person who is retained or court appointed to conduct an evaluation of the person." Pub. Act 90—793, § 20, eff. August 14, 1998 (1998 Ill. Legis. Serv. 3397, 3420 (West)).

Respondent argues this change, providing special protections for the State when a respondent chooses not to speak during an evaluation, indicates the Commitment Act is intended to give respondents the right to remain silent at evaluations. We disagree. As a practical mat-

ter, a respondent has the power, but not the right, to refuse to comply with an evaluation. The amendment merely addresses the practical problems that may arise because of this and does not imply a right to remain silent.

For all of the above reasons, we affirm.

Affirmed.

KNECHT, P.J., and GARMAN, J., concur.