*In re* DETENTION OF DONALD CAMPBELL (The Department of Corrections, Appellant; The County of Saline, Appellee).

Fifth District    No. 5—99—0805

Opinion filed March 15, 2001.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Brian F. Barov, Assistant Attorney General, of counsel), for appellant.

Rod Wolf, State's Attorney, of Harrisburg (Norbert J. Goetten, Stephen E. Norris, and Kevin D. Sweeney, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellee.

JUSTICE HOPKINS delivered the opinion of the court:

Donald Campbell was incarcerated at Big Muddy Correctional Center for his conviction in 1996 of the offense of criminal sexual abuse (720 ILCS 5/12—15 (West 1996)). Campbell also had a prior conviction in Madison County in 1990 for criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—13). The Department of Corrections (DOC) notified the Attorney General and the State's Attorney of Saline County of Campbell's pending release pursuant to section 10 of the Sexually Violent Persons Commitment Act (the Act) (725 ILCS 207/10 (West 1998)). The Attorney General and the Saline County State's Attorney jointly filed a petition to have Campbell committed as a sexually violent person under the Act. See 725 ILCS 207/15(a)(3) (West 1998). Also pursuant to statute, the circuit court appointed James Rodgers, Jr., the public defender for Saline County, to represent Campbell in these proceedings. See 725 ILCS 207/25(c)(1) (West 1998). Following a probable cause hearing and a commitment hearing, the circuit court determined that Campbell is a sexually violent person and that conditional release is an appropriate setting for him. See 725 ILCS 207/40(b)(3) (West 1998).

Subsequently, Rodgers filed a petition in which he asserted that although he is the public defender for Saline County, his contract does not cover the type of representation he provided for Campbell. Rodgers submitted an itemized statement for his time and asked that he be awarded $6,383.50 as attorney fees. Rodgers stated in his petition that it is DOC's responsibility to pay for his services to Campbell.

On September 16, 1999, the court entered an order awarding Rodgers his fees. The court found the petition against Campbell to be a postconviction matter and held that DOC was liable for Rodgers' attorney fees. On behalf of DOC the Attorney General filed a response to Rodgers' petition and alternatively asked that his motion be considered a motion to reconsider the court's order. The court entered an amended order in which it allowed the Attorney General's motion to respond to Rodgers' petition for fees, denied the Attorney General's alternative motion to reconsider its previous order, and again awarded Rodgers his attorney fees. The court's amended order also held that Saline County was to pay Rodgers' fees but that DOC was to reimburse Saline County for the payment of the fees. DOC appeals that portion of the court's order holding DOC liable for the payment of Rodgers' attorney fees. Saline County does not appeal the court's order.

## ANALYSIS

On appeal, the only issue is whether DOC is liable for the payment of the attorney fees for the representation of a respondent in a proceeding for the respondent's commitment as a sexually violent person. DOC asserts that this is a matter of statutory construction and that neither section 3—6—5 of the Unified Code of Corrections (730 ILCS 5/3—6—5 (West 1998)) nor the Act provides that DOC is legally responsible for the payment of attorney fees in such a proceeding. Specifically, DOC argues that section 3—6—5 does not apply because a commitment proceeding under the Act is not a postconviction proceeding, that this is a civil case and not a criminal case, and that the Act itself makes no provision whatsoever for the payment of attorney fees. Saline County argues that because the agencies involved in these proceedings were entities of the State, the State and not the county should be liable and that equity and the "inherent authority" of the court allow the court to order the State to pay attorney fees in these proceedings. Saline County conceded both in its brief and at oral argument that neither the Act nor any other rule explicitly states which unit of government shall pay for appointed counsel in cases such as this but that it follows that a court has the discretion to decide how appointed counsel shall be paid. Saline County also admitted in its brief that this is a civil case and not a criminal case.

DOC presents this case as one of statutory construction. DOC argues extensively that section 3—6—5 of the Unified Code of Corrections does not apply, and Saline County concedes that this is not a postconviction criminal proceeding but is a civil case to which section 3—6—5 does not apply. The law supports Saline County's concession, as the Act itself states that proceedings under the Act are civil in nature. 725 ILCS 207/20 (West 1998). Additionally, the Illinois Supreme Court in *In re Detention of Samuelson*, 189 Ill. 2d 548 (2000), held that proceedings under the constitutionally valid Act are civil in nature rather than criminal. *Samuelson*, 189 Ill. 2d at 553. The supreme court determined that a proceeding under the Act is a new proceeding which is not based upon past conduct but is permissible only where a respondent "presently suffers from a mental disorder and the disorder creates a substantial probability that he will engage in acts of sexual violence in the future." *Samuelson*, 189 Ill. 2d at 559. Thus, because Saline County has conceded this point and because the statute and case law hold that these cases are civil in nature, section 3—6—5, which applies to criminal cases, is inapplicable.

Instead, we must determine if the court's order awarding Rodgers' attorney fees derives from any other source. In civil cases, attorney fees are not allowed in the absence of a statute or in the absence of

some agreement or stipulation specially authorizing attorney fees. *Kadlec v. Department of Public Aid*, 155 Ill. App. 3d 384 (1987). In the case *sub judice*, DOC asserts and Saline County concedes that the Act makes no provision for the payment of attorney fees. Thus, the Act does not support the circuit court's award in this case. Further, no other statute has been asserted as a basis for the court's award. A court does not have general or equitable discretion to award attorney fees without a statutory basis. *Kadlec*, 155 Ill. App. 3d at 390. Therefore, because the circuit court awarded attorney fees to Rodgers without a statutory basis, its actions were outside its authority.

A court must interpret and apply statutes as they are written, and a court must not rewrite statutes to make them consistent with a court's idea of orderliness and public policy. *City of East St. Louis v. East St. Louis Financial Advisory Authority*, 188 Ill. 2d 474, 486 (1999).

Here, the circuit court acted outside any statutory authority when it ordered DOC to reimburse Saline County for the payment of the attorney fees. Therefore, we vacate the portion of the trial court's order that finds DOC liable to reimburse Saline County for the payment of Rodgers' attorney fees.

## CONCLUSION

The portion of the judgment of the circuit court of Saline County that finds DOC liable to Saline County for reimbursement is therefore vacated.

Vacated.

CHAPMAN, P.J., and GOLDENHERSH, J., concur.