April 19, 1999

No. 2--98--0931

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

__________________________________________________________________

In re
 DETENTION OF ) Appeal from the Circuit Court

ALVIN DALE ANDERS ) of Du Page County.

) 

) No. 98--MR--155

(The People of the State ) 

of Illinois, Petitioner- ) Honorable

Appellee, v. Alvin Dale ) Robert E. Byrne, 

Anders, Respondent-Appellant). ) Judge, Presiding.

___________________________________________________________________

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

This matter comes before the court as an interlocutory appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308).  On September 20, 1993, respondent, Alvin Anders, was sentenced to 10 years' imprisonment on a conviction of aggravated criminal sexual assault (720 ILCS 5/12--14(b)(1) (West 1992)).  On January 9, 1998, Gerald Burgener, a psychologist with the Illinois Department of Corrections, evaluated respondent while he was in custody serving his sentence.  On March 9, 1998, the State filed a petition pursuant to the Sexually Violent Persons Commitment Act (Act)  (725 ILCS 207/1 
et seq.
 (West Supp. 1997)), seeking an order of commitment.  Dr. Burgener's mental health evaluation accompanied the petition. 

After the State filed the petition, the trial court held a probable cause hearing on March 11, 1998.  Following the hearing, 
the trial court concluded that there was probable cause to believe that respondent was subject to commitment under section 35(f) of the Act (725 ILCS 207/35(f) (West Supp. 1997)) and entered an initial order of commitment.  Pursuant to the trial court's initial order of commitment, respondent was detained pending further court order and was immediately transferred to the portion of the Sheridan Correctional Facility under the control of the Department of Human Services, where respondent was to undergo evaluation pursuant to the Act. 

Respondent subsequently moved to dismiss the petition for commitment pursuant to sections 2--615 and 2--619 of the Code of Civil Procedure (735 ILCS 5/2--615, 2--619 (West 1996)).  Respondent also filed a motion to bar the testimony of Dr. Burgener.  An amended motion to bar was subsequently filed.  On July 7, 1998, the trial court issued a memorandum opinion and order denying respondent's motion to dismiss and motion to bar.  

On July 20, 1998, the trial court certified the following questions pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308):

"A.  Whether the right to remain silent, pursuant to 725 ILCS 207/25 and the Constitutions of the State of Illinois and of the United States, granted to Respondent Alvin Anders, attaches prior to the evaluation of Dr. Burgener on January 9, 1998.

B.  Assuming that the right to remain silent attaches prior to the evaluation of Dr. Burgener, whether there is probable cause to believe that the Respondent Alvin Anders is a sexually violent person even though the portion of Dr. Burgener's opinion that is based solely on statements made by the respondent to Dr. Burgener is stricken.

C.  Whether the right to remain silent, pursuant to 725 ILCS 207/25 and the Constitutions of the State of Illinois and of the United States, attaches at the time Respondent Alvin Anders receives post-conviction treatment subsequent to his conviction in case number 92 CF 2478, on September 20, 1993,  in DuPage County, Illinois.       

D.  Whether the patient/physician privilege attaches to treatment provided by the State of Illinois or its employees or agents to Respondent Alvin Anders subsequent to his conviction under 92 CF 2478, on September 20, 1993, in DuPage County, Illinois.

E.  Whether the evaluation of Respondent Alvin Anders by Dr. Burgener done on January 9, 1998[,] violates the patient/physician privilege, even though Respondent's mental state is put at issue by the petition filed by the State of Illinois on March 9, 1998.

F.  Whether the evaluation of Respondent Alvin Anders by Dr. Burgener, done January 9, 1998, prior to the filing of the Petition in this cause should be barred, or suppressed, as violative of the statutory provisions under 725 ILCS 207/1, et seq., [
sic
] and specifically Sections 10 and 25."

Thereafter, respondent filed this timely petition for leave to appeal, and we allowed respondent's petition for leave to appeal.  

Before assessing the merits of the certified questions, we briefly summarize the standards governing commitment under the Act.  The Act applies to a person who is "within 90 days of discharge or entry into mandatory supervised release from a Department of Corrections correctional facility for a sentence that was imposed upon a conviction for a sexually violent offense."  725 ILCS 207/15(b)(2) (West Supp. 1997).  Upon receiving notice from an agency with control or custody of a person who may meet the criteria for commitment, the State may file a petition alleging that the person is a sexually violent person.  725 ILCS 207/10, 15 (West Supp. 1997).  After the State files a petition pursuant to section 15 (725 ILCS 207/15 (West Supp. 1997)), a hearing is held to determine whether there is probable cause to believe that the person is a sexually violent person (725 ILCS 207/30(b) (West Supp. 1997)).  If the trial court determines that there is probable cause to believe that the person is a sexually violent person, the trial court shall order the person to be transferred to a facility for an evaluation to determine whether the person is a sexually violent person.  725 ILCS 207/30(c) (West Supp. 1997).  A trial is subsequently held to determine whether the person who is the subject of a petition is a sexually violent person.  725 ILCS 207/35 (West Supp. 1997).  

The scope of our review pursuant to Supreme Court Rule 308 (155 Ill. 2d Rule 308) is strictly limited to the questions certified by the trial court.  
Lanxon v. Magnus
, 296 Ill. App. 3d 377, 379 (1998).  We conduct a 
de novo
 review of the certified questions.  
Lanxon
, 296 Ill. App. 3d at 379.       

We first address whether the right to remain silent applies to evaluations conducted prior to the filing of a petition pursuant to the Act.  Respondent argues that the right to remain silent is both constitutionally and statutorily prescribed and applies to evaluations and to treatment conducted prior to the filing of the petition.  He argues that Dr. Burgener conducted an evaluation during respondent's incarceration without apprising respondent of his rights to remain silent and to an attorney.  Respondent asserts that the statements he made during treatment and during his evaluation were improperly used against him in the petition for commitment.   

The State responds that the trial court properly determined that the right to remain silent does not apply to any prepetition evaluation or to any treatment that respondent received while incarcerated.  Specifically, the State argues that the right to remain silent applies at any hearing pursuant to the Act.  The State maintains that the rights afforded under the Act are available only to those subject to the Act, and respondent was not subject to the Act during his prepetition evaluation.  The State also argues that respondent's January 9, 1998, evaluation does not constitute a "hearing" within the meaning of the Act.

The resolution of this issue hinges upon the interpretation of the Act.  The primary rule of statutory construction is to effectuate the legislature's intent.  
In re A.P.
,
 179 Ill. 2d 184, 195 (1997).  In ascertaining the legislature's intent, courts examine the plain language of the statute.  
Nottage v. Jeka
, 172 Ill. 2d 386, 392 (1996).  A court must avoid a construction that would defeat the purpose of the statute or render an absurd or unjust result.  
A.P.
, 179 Ill. 2d at 195.  

Section 25(c) of the Act provides: 

"Except as provided in paragraph (b)(1) of Section 65 and Section 70 of this Act, at 
any hearing
 conducted under this Act, the person who is the subject of the petition has the right to:

***

(2) Remain silent."  (Emphasis added.) 725 ILCS 

207/25(c)(2) (West Supp. 1997).

While respondent urges that he was denied the right to remain silent and the right to an attorney, our review is strictly limited to the certified questions, and the right to an attorney does not fall within the scope of the certified questions.  See 
Lanxon
, 296 Ill. App. 3d at 379.  Accordingly, we examine only whether the right to remain silent attaches prior to the filing of a petition. 

After reviewing the language of section 25 of the Act, we believe that the right to remain silent only applies during any hearing held after the filing of a petition.  We agree with respondent that the legislature clearly intended to afford a person subject to the Act certain procedural safeguards.  However, contrary to respondent's assertion, it is clear that the legislature's use of the term "at any hearing" was meant to limit the application of these safeguards, particularly the right to remain silent, to hearings conducted after the filing of a petition.  We also observe that interpreting section 25 of the Act to afford a person the right to remain silent during any prepetition evaluation or treatment would require this court to ignore the clear language of the statute and the principles of statutory construction, thereby rendering the term "at any hearing" meaningless.  See 
Huskey v. Board of Managers of Condominiums of Edelweiss, Inc.
, 297 Ill. App. 3d 292, 295 (1998) (court must avoid construction rendering any part of a statute superfluous or meaningless).

Our construction of section 25 is also consistent with the view recently espoused by the Appellate Court, Fourth District, in 
In re Detention of Tiney-Bey
, 302 Ill. App. 3d 396 (1999).  There, the court rejected the respondent's argument that, pursuant to section 35(b) of the Act (725 ILCS 207/35(b) (West Supp. 1997)), a provision relating to the rights afforded during trial to the person subject to the petition, he had the right to remain silent during a psychological evaluation.  
Tiney-Bey
, 302 Ill. App. 3d at 401.  The court noted that the right to remain silent is specifically conferred by section 25(c)(2) of the Act (725 ILCS 207/25(c)(2) (West Supp. 1997)) and only applies in hearings conducted under the Act.  
Tiney-Bey
, 302 Ill. App. 3d at 401.    

Although accurate in the criminal context, respondent's assertion that the right to remain silent is a  constitutional right is erroneous in this context, a proceeding pursuant to the Act.  Although individuals subject to the Act are afforded certain procedural safeguards similar to those afforded in criminal prosecutions, proceedings under the Act are civil, not criminal, in nature (725 ILCS 207/20 (West Supp. 1997)) and 
do not implicate respondent's constitutional right to remain silent (see 
Tiney-Bey
,  302 Ill. App. 3d at 401).  We also observe that the United States Supreme Court concluded that similar commitment proceedings brought pursuant to the Illinois Sexually Dangerous Persons Act (Ill. Rev. Stat. 1985, ch. 38, pars. 105--1.01 
et seq.
 (now 725 ILCS 205/0.01 
et seq.
 (West 1996))) were civil and did not trigger the fifth amendment privilege against self-incrimination.  
Allen v. Illinois
, 478 U.S. 364, 374, 92 L. Ed. 2d 296, 307
, 106 S. Ct. 2988, 2994 (1986).  

     
We briefly note that respondent also maintains that Dr. Burgener's evaluation violated section 10 of the Act (725 ILCS 207/10 (West Supp. 1997)) because section 10 does not authorize evaluations.  Respondent's argument is baseless.  Section 10 of the Act sets forth notice provisions by which an agency with control or custody of a person who may meet the criteria for commitment may inform the State.  This section requires that the agency provide the State with, 
inter alia
, a "comprehensive evaluation of the person's mental condition."  725 ILCS 207/10(c)(2) (West Supp. 1997).  The prepetition evaluation serves as "the basis upon which a determination has been made that the person is subject to commitment under subsection (b) of Section 15."  725 ILCS 207/10(c)(2) (West Supp. 1997).  Contrary to respondent's assertion, section 10 clearly contemplates the administration of a prepetition evaluation for a person in custody who may meet the criteria for commitment.

Our conclusion that the right to remain silent under section 25(c)(2) only applies during hearings conducted after the filing of the petition disposes of the remaining certified questions relating to this issue.  

We next consider whether the physician-patient privilege attaches to any treatment, including the evaluation conducted by Dr. Burgener, that respondent received after his conviction.  Respondent maintains that, in addition to treatment, any records compiled as a result of the treatment should also be privileged.  Respondent argues that he has neither placed his mental condition at issue nor waived his right to the privilege.  He maintains that the disclosure of his medical records violates the Mental Health and Developmental Disabilities Confidentiality Act (Confidentiality Act) (740 ILCS 110/1 
et seq.
 (West 1996 & West Supp. 1997)) and contravenes this court's decision in 
Sassali v. Rockford Memorial Hospital
, 296 Ill. App. 3d 80 (1998).  For several reasons, respondent's argument is flawed.  

Respondent did not assert before the trial court that the disclosure of his records violated the Confidentiality Act.  Rather, respondent's argument was predicated upon a violation of the physician-patient privilege. It is well settled that an unsuccessful party may not advance a new theory of recovery on appeal.  
Cruz v. Stapleton
, 251 Ill. App. 3d 833, 837 (1993).  For the same reasons, respondent's reliance on 
Sassali
, 296 Ill. App. 3d 80, is inapposite. 

Additionally, the physician-patient privilege does not apply in this case.  As the State properly notes, the physician-patient privilege is afforded pursuant to section 8--802 of the Code of Civil Procedure (Code) (735 ILCS 5/8--802 (West 1994)).  Section 8-

-802 provides, in pertinent part: 

"No physician or surgeon shall be permitted to disclose any information he or she may have acquired in attending any patient in a professional character, necessary to enable him or her professionally to serve the patient, except only *** (4) in all actions brought by or against the patient *** wherein the patient's physical or mental condition is an issue ***."  735 ILCS 5/8--802(4) (West 1994).

Here, respondent's mental condition was an issue that was the subject of the commitment proceedings.  Thus, as the State properly notes, Dr. Burgener's January 9, 1998, evaluation and any treatment that respondent underwent after his conviction fall within the exception to the physician-patient privilege and are not protected by the privilege.          

 On appeal, respondent also challenges the propriety of the trial court's denial of his motions to dismiss.  However, this issue was not raised in the certified questions, and our review is limited to the questions certified by the trial court.  See 
Lanxon
, 296 Ill. App. 3d at 379.  Accordingly, an issue not raised by the certified questions is not properly before the this court, and we are unable to review it.

For the foregoing reasons, we answer the certified questions in the negative and remand the cause for further proceedings. 

Certified questions answered; cause remanded.

INGLIS and HUTCHINSON, JJ., concur.