THIRD DIVISION

November 29, 2000

No.  1-99-4423 )

) 

) 
Appeal from the Circuit

MARY KLAK, )   Court of Cook Count   

)

Petitioner-Appellee,
 ) 

) 

) No.  99 D5 69021 

v. )

)

LARRY SKELLION, ) 

) Honorable

Respondent-Appellant. ) Susan Snow,

) Judge Presiding.

) 

) 

JUSTICE HALL delivered the opinion of the court:

BACKGROUND

This case involves an interlocutory appeal, brought by Larry Skellion (respondent), from an order entered in the circuit court of Cook County.  Mary Klak, a 17-year-old minor (petitioner), petitioned the circuit court to declare a parent-child relationship between herself and respondent pursuant to the Illinois Parentage Act of 1984 (the Act) (750 ILCS 45/1 
et seq
.) 
(West 1998).
(footnote: 1)  The circuit court found that petitioner was entitled to pursue this legal proceeding in her own name without a parent or other guardian.  The question of law presented in this appeal, as stated by the circuit court in its December 13, 1999, order is: "
Whether a child under the age of 18 may file a Petition to Determine the Existence of a Parent and Child Relationship on her or his own behalf without guardian, next best friend, etc.
"  For the reasons that follow, we answer the circuit court's certified question in the negative.    

The following facts are relevant to this appeal.  Respondent and petitioner's biological mother, Jacqueline Klak, had an ongoing sexual relationship from 1980 to April of 1982.  Petitioner was born on July 9, 1982, in Cook County, Illinois.      On August 3, 1999, petitioner filed a petition, in her name, to establish the existence of a father-child relationship between herself and respondent.  Additionally, petitioner sought "funds or resources to provide for her reasonable needs, including support, maintenance, and educational expenses."  Petitioner was 17 years old when she filed her action against respondent.    Petitioner is represented by counsel and no guardian 
ad
 
litem
 has been appointed.  On September 16, 1999, respondent filed his motion for involuntary dismissal pursuant to section 2-619 of the Code of Civil Procedure, claiming that petitioner is a minor and does not have the legal capacity to initiate a civil cause of action in her own name.  735 ILCS 5/2-619 (West 1998).  On November 29, 1999, respondent's motion was denied, and it was ordered that petitioner was entitled to proceed on her own behalf without a parent or other guardian.  Pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), this court granted respondent leave to appeal.  This appeal followed.   

ANALYSIS

I.  STANDARD OF REVIEW

On interlocutory appeal, the scope of review  is limited to the question of law certified by the circuit court.  
Teverbaugh v. Moore
, 311 Ill. App. 3d 1, 3, 724 N.E.2d 225 (2000), 
citing 
Kincaid v. Smith,
 252 Ill. App. 3d 618, 623, 625 N.E.2d 750 (1993); 
In re Detention of Anders
, 304 Ill. App. 3d 117, 120, 710 N.E.2d 475 (1999).  
Our review is 
de
 
novo
.  
Weatherman v. Gary-

Wheaton Bank of Fox Valley, N.A.
, 186 Ill. 2d 472, 480, 713 N.E.2d 543 (1999).

II.  CERTIFIED QUESTION

In the instant appeal, the legal question presented raises an issue of first impression.  Our research has uncovered no case in which an unemancipated child has filed a parentage action on her own behalf without a parent or other guardian.
(footnote: 2)  The question, therefore, which concerns us is whether a child under the age of 18 may file a petition to determine the existence of a parent and child relationship on her or his own behalf without a guardian or next friend.  

Respondent contends that the circuit court erred in failing to dismiss petitioner's action because she is a minor and cannot initiate or pursue a civil action in her own name.  Respondent also contends that, as a minor, petitioner must bring the action by a guardian or next friend.  Petitioner contends that the Act allows a minor child to bring a paternity suit on her own behalf without a parent or other guardian.  We disagree.

Initially, we note that a minor does not have the legal capacity to initiate, pursue or maintain legal action in her own name.  
Doe v. Montessori School
, 287 Ill. App. 3d 289, 298, 687 N.E.2d 1082 (1997); 
Stevenson v. Hawthorne Elementary School, East St. Louis School District No. 189
, 144 Ill. 2d 294, 300, 579 N.E.2d 852 (1991).  A legal action may be maintained on behalf of a minor child by her parent or legal guardian.  
Stevenson
, 144 Ill. 2d at 300, citing 
City of Danville v. Clark
, 63 Ill. 2d 408, 411, 348 N.E.2d 844 (1976).  If no parent or other guardian is available, a guardian 
ad
 
litem
 may be appointed to represent the interests of the minor child.  
Stevenson
, 144 Ill. 2d at 300.  A minor child is a person who has not attained the age of 18 years.  See 755 ILCS 5/11-1 (West 1998). 

When interpreting a statute, the primary function is to ascertain and give effect to the true intent and meaning of the drafters.  
People ex rel. Department of Labor v. Soccer Enterprises, Inc.
, 302 Ill. App. 3d 481, 707 N.E.2d 108 (1998); 
Davis v. Human Rights Comm'n.
, 286 Ill. App. 3d 508, 676 N.E.2d 315 (1997).  Statutes in derogation of the common law will be strictly construed.  
McMinn v. Cavanaugh
, 177 Ill. App. 3d 353, 356, 532 N.E.2d 343 (1988).  Common law will not be deemed abrogated by a statute unless it clearly appears that such was the legislative intent.  
McMinn
, 177 Ill. App. 3d at 356; 
Cherney v. Soldinger
, 299 Ill. App. 3d 1066, 1072, 702 N.E.2d 231 (1998).

Section 7 of the Act outlines the parties who may bring an action to determine a father-child relationship.  Section 7 provides in relevant part:

    "Determination of Father and Child Relationship; Who May Bring the Action; Parties. 

(a) An action to determine the existence of the father and child relationship *** may be brought by the child; the mother; a pregnant woman; any person or public agency who has custody of, or is providing or has provided financial support to, the child; *** or a man presumed or alleging himself to be the father of the child or expected child."  (Emphasis added.)  750 ILCS 45/7(a) (West 1998).

Having set out the relevant case and statutory law, we interpret the statutory language of the Act in accordance with the well-established principles of common law.  There is nothing in the Act which indicates that the legislature intended to change the settled common law rule that minors are unable to initiate or pursue civil litigation in their own name although they may be a party to such a suit.  Section 7 of the Act states that an action "may be brought by the child" 750 ILCS 45/7 (a) (West 1998).  In keeping with common law principles, we interpret the word "child" in it's statutory context to mean "adult offspring" or "offspring having reached the age of majority" as opposed to a minor child.  In the instant case, petitioner was 17 when she filed a claim against respondent in her own name.  Because petitioner was a minor she was not entitled to proceed with such litigation on her own behalf.  As a minor child, petitioner was required to bring this action by a guardian, guardian 
ad
 
litem
 or next friend regardless of the fact that petitioner was represented by counsel. 

We also note that each party filing a petition under the Act is bound by a different statute of limitations period.  Section 8 of the Act provides the relevant periods of limitation for those parties delineated in section 7.  Section 8 in pertinent part states:

"Statute of limitations.  

(a)(1) An action brought by or on behalf of a child *** shall be barred if brought later than 2 years after the child reaches the age of majority; however, if the action on behalf of the child is brought by a public agency,*** it shall be barred 2 years after the agency has ceased to provide assistance to the child. 

(3) An action to declare the non-existence of the parent and child relationship brought under subsection (b) of Section 7 of this Act shall be barred if brought later than 2 years after the petitioner obtains knowledge of relevant facts." 750 ILCS 45/8(a)(1), (a) (3) (West 1998).

Relying on the language set forth in section 8 of the Act, we conclude that the Act allows an offspring who has reached the age of majority to bring an action within two years after she attains the age of 18 years.  In this case, petitioner has until July 9, 2002, when she reaches the age of 20 or "2 years after the child reaches the age of majority" to file her claim against respondent. 750 ILCS 45/8(a)(1),(West 1998).

In sum, we find that the common law and section 7 of the Act do not allow a minor child to initiate a legal proceeding in her own name to establish a parent-child relationship.  Instead, a minor child must appear by a guardian, guardian 
ad
 
litem,
 parent, next friend or custodian.  Alternatively, an offspring who has reached the age of majority may bring the action within two years after she has attained the age of 18 years.  See 750 ILCS 45/8(a)(1) (West 1998).  We believe that if the legislature intended for minor children to pursue legal action in their own name, without a parent or other guardian under this statute, it would have so stated.    

Accordingly, the judgment of the circuit court of Cook County is reversed and remanded for proceedings consistent with this opinion.

Reversed and remanded.

HOFFMAN, P.J., and SOUTH, J., concur.

FOOTNOTES
1:
The Illinois Parentage Act of 1984 replaced the Paternity Act. (Ill. Rev. Stat. 1983, ch. 40, par. 1351 
et
 
seg
.)  "The Paternity Act was repealed in response to the United States Supreme Court's denunciation of State statutes which denied equal protection to nonmarital children seeking support from their parents." See 
Department of Public Aid ex rel. Cox v. Miller
, 146 Ill. 2d 399,404, 586 N.E.2d 1251,1253 (1992).

2:  Petitioner has retained counsel and is represented by an attorney in this proceeding.