IPF RECOVERY COMPANY, Plaintiff-Appellee, v. ILLINOIS INSURANCE GUARANTY FUND, Defendant-Appellant.

First District (2nd Division)   No. 1—04—0558

Opinion filed March 22, 2005.

Lord, Bissell & Brook, L.L.P., of Chicago (Hugh C. Griffin, Michael J. Gaertner, and Steven T. Whitmer, of counsel), for appellant.

Depres, Schwartz & Geoghegan, of Chicago (Thomas H. Geoghegan and Deborah L. Mahoney, of counsel), for appellee.

PRESIDING JUSTICE BURKE delivered the opinion of the court:

Defendant Illinois Insurance Guaranty Fund appeals from an order of the circuit court denying its motion to dismiss plaintiff IPF Recovery Company's third amended complaint on the basis that the complaint was time barred by the applicable five-year statute of limitations set forth in section 13—205 of the Illinois Code of Civil Procedure (Civil Code) (735 ILCS 5/13—205 (West 2002)). This matter is before us on interlocutory appeal pursuant to the following question certified by the trial court: "Was the five-year limitations statute (735 ILCS 5/13—205) applicable to plaintiff IPF Recovery Company's cause of action, which alleges that defendant Illinois Insurance Guaranty Fund ('IIGF') breached its statutory duties by refusing to pay certain of IPF's claims for 'unearned premiums,' tolled from the time that the cause of action accrued until the time that IIGF first denied IPF's 'unearned premiums' claims?" On appeal, defendant contends that the five-year limitations statute cannot be tolled because (1) there is no statute expressly authorizing the tolling and (2) section 143.1 of the Illinois Insurance Code (215 ILCS 5/143.1 (West 2002)), upon which plaintiff relied as a basis for the trial court's denial of defendant's motion to dismiss, is inapplicable to the instant case. For the reasons set forth below, we answer the certified question in the negative.

## STATEMENT OF FACTS

Plaintiff's cause of action against defendant involves defendant's alleged breach of its statutory duties, by its refusal to pay plaintiff's claims for unearned premiums, under the Illinois Insurance Guaranty Fund Act (the Guaranty Fund Act) (215 ILCS 5/532 *et seq.* (West 2000)) as set forth in article 34 of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/1 *et seq.* (West 2000)). In plaintiff's ultimate third amended complaint, plaintiff alleged that it was the assignee of National IPF Company (National) and was in the business of financing insurance premiums for insurance contracts. Plaintiff had "advanced loan proceeds directly to *** insurance compan[ies] to finance premiums on behalf of *** individual borrower[s] to be insured." Plaintiff advanced funds, at various times, to pay for the premiums of 68 individuals insured by the Coronet Insurance Company (Coronet) and, pursuant to finance agreements, all claims to any unearned premiums of the policies financed were to be returned to plaintiff in the event that the policies were cancelled. On December 24, 1996, Coronet was declared insolvent.

Defendant is a nonprofit unincorporated entity created pursuant to article 34 of the Insurance Code, and, subsequent to Coronet's insolvency, National filed a claim with the Office of Special Deputy Receiver (the Receiver) because, among other reasons, it was told to do so by defendant. Specifically, in April 1998, defendant told National that it could not consider any payment to National on its claims because it had not received any of the necessary information from the Receiver. On April 23, 1999, National assigned several claims to plaintiff, including the claims against Coronet.

On or before June 14, 1999, the Receiver forwarded information to defendant concerning plaintiff's claims. On the same date, defendant reported to plaintiff that 14 of the claims were "not on the list of policies approved for payment" by the Receiver and that 52 of the claims would not be paid because the unearned premiums were allegedly returned as a credit by Coronet "to the producers."[1] Plaintiff alleged that "the notification of June 14, 1999, was the beginning of the actual controversy" between plaintiff and defendant.

On October 1, 1999, plaintiff wrote a letter to defendant reporting that it was appealing the June 1999 decision and requesting an explanation for defendant's denial of plaintiff's claims. Plaintiff alleged that "[t]hereafter, [defendant] commenced a negotiating relationship with [p]laintiff to review and re-evaluate the initial determina-

---

[1]The discrepancy between the total 68 claims at issue here and the 66 claims referenced in this statement is not explained in the record.

tion made by [defendant] in June, 1999" and that "[a]n implicit condition for such relationship was that the parties refrain from litigation and deal with each other as to the unearned premiums claims." On October 8, defendant responded to plaintiff's letter of appeal, stating that "the Receiver tells [defendant] what claims to pay," and instructing plaintiff that the Receiver's decision could be "changed" if the appropriate documentation or verification is provided by plaintiff to the Receiver. On March 31, 2000, plaintiff provided documentation to the Receiver and, on "numerous occasions during 2000," plaintiff contacted the Receiver in pursuing its request for reconsideration of the decision to not pay the claims. Plaintiff alleged that it was "repeatedly told" by personnel in the Receiver's office that they were understaffed and "too busy" to address plaintiff's requests.

On August 14, 2001, the Receiver contacted plaintiff, informed plaintiff that it had reversed its earlier decision, and stated that "the 68 claims for return premiums on policies credited to producers prior to liquidation *would be allowed* by the Receiver." (Emphasis in original.) On December 20, the Receiver forwarded the information to defendant. On February 7, 2002, defendant did not follow the Receiver's recommendation and again denied payment of plaintiff's 68 claims.

On October 31, 2002, plaintiff filed a complaint against defendant.[2] Defendant moved to dismiss plaintiff's subsequent amended complaint[3] based on its contention that plaintiff's action was barred by the applicable five-year statute of limitations. On June 24, 2003, the trial court entered an order dismissing plaintiff's amended complaint without prejudice, finding that plaintiff's cause of action was barred by the five-year statute of limitations set forth in section 13—205 of the Civil Code. Plaintiff subsequently filed a second amended complaint, defendant again moved to dismiss the complaint based on the statute of limitations, and, on October 10, 2003, the trial court entered an order dismissing plaintiff's second amended complaint without prejudice, again based on the five-year statute of limitations.

On October 24, 2003, plaintiff filed a third amended complaint. Plaintiff sought a finding that defendant violated article 34 of the Insurance Code by refusing to pay the above-stated claims. On November 7, defendant filed a motion to dismiss plaintiff's third amended complaint, again arguing that plaintiff's cause of action was

---

[2]While plaintiff's original complaint is not included in the record, both parties agree that plaintiff's original complaint was filed on this date.

[3]The record does not contain any other information regarding plaintiff's original complaint and its amended complaint.

barred by the five-year statute of limitations. On December 15, the trial court entered an order denying defendant's motion to dismiss on the basis that "the five year statute of limitations was tolled until the defendant first denied plaintiff's claim." Pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), the trial court certified the following question to this court:

> "Was the five-year limitations statute (735 ILCS 5/13—205) applicable to plaintiff IPF Recovery Company's cause of action, which alleges that defendant Illinois Insurance Guaranty Fund ('IIGF') breached its statutory duties by refusing to pay certain of IPF's claims for 'unearned premiums,' tolled from the time that the cause of action accrued until the time that IIGF first denied IPF's 'unearned premiums' claims?"

Thereafter, defendant filed a petition for leave to appeal the certified question in this court pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), which we granted.

## ANALYSIS

We first note that, for purposes of answering the trial court's certified question, which was whether the statute of limitations was *tolled* from the date the plaintiff's cause of action *accrued*, we assume that December 24, 1996, is the accrual date that the trial court intended[4] and use this date as a basis to answer the certified question. However, we note that we are not deciding here that December 24, 1996, is the correct accrual date for plaintiff's cause of action.

### I. Whether the Statute Was Tolled

Defendant first contends that the trial court erred in denying its motion to dismiss based on the five-year statute of limitations because, contrary to well-established Illinois law, the trial court tolled the statute of limitations without express authorization from a statute. Defendant argues that section 143.1 of the Illinois Insurance Code is inapplicable to the instant case because that section does not apply to toll *statutory* limitations periods, like the one in the case at bar, but rather applies only to toll *contractual* limitations periods that are contained in insurance policies. Thus, defendant maintains that plaintiff's claim, which was not filed until October 31, 2002, almost 6 years after the cause of action accrued on December 24, 1996, and more than 2½ years after defendant first denied plaintiff's unearned

---

[4]The record on appeal does not contain any express finding by the trial court that plaintiff's cause of action accrued on December 24, 1996, but both parties, during oral argument before this court, agreed that the trial court found that this was the date.

premiums claims on June 14, 1999, is barred by the applicable five-year statute of limitations.

Plaintiff contends that the trial court properly tolled the statute of limitations in this case by using its equitable powers. Plaintiff argues that defendant is "subject to equitable tolling" and maintains that, although section 143.1 of the Insurance Code expressly provides tolling for certain cases other than the case at bar, "the policy behind *** section 143.1 emphatically supports a principle for equitable tolling" in the instant case.

■ We briefly note that plaintiff, in support of its argument that the trial court properly found the applicable five-year statute of limitations to be tolled, merges two separate arguments together by, for example, stating that "the policy behind *** section 143.1 emphatically supports a principle for equitable tolling." However, tolling a limitations period based on a statute, or based on a statute's policy, is a separate legal argument from tolling a limitations period based on the doctrine of equitable tolling.[5] Thus, we must address each argument individually by examining, first, whether the statute of limitations can be tolled by application of section 143.1 of the Insurance Code and, second, whether the statute of limitations can be tolled using equitable tolling. Our standard of review is *de novo*. *In re Detention of Bailey*, 317 Ill. App. 3d 1072, 1076, 740 N.E.2d 1146 (2000).

A. Tolling Using Section 143.1 and/or the Policy Behind It

■ Defendant, a nonprofit entity, was established by the Insurance Code and created to protect policyholders of insolvent insurers and third parties who make claims under policies issued by insurers that become insolvent. 215 ILCS 5/532 *et seq.* (West 2002); *Hasemann v. White*, 177 Ill. 2d 414, 415-16, 686 N.E.2d 571 (1997). Defendant's members include all insurance companies authorized to transact business in Illinois, and each member company must contribute to defendant the amounts necessary to pay defendant's obligations. *Hasemann*, 177 Ill. 2d at 417; *In re Liquidation of Pine Top Insurance Co.*, 322 Ill. App. 3d 693, 706, 749 N.E.2d 1011 (2001). "The principal

---

[5]The doctrine of equitable tolling is an exception to the general rule that a statute of limitations is not tolled absent authorization from a statute. *Block v. Pepper Construction Co.*, 304 Ill. App. 3d 809, 816, 710 N.E.2d 85 (1999). "Equitable tolling of a statute of limitations may be appropriate in circumstances where: a defendant has actively misled the plaintiff; the plaintiff has, in some extraordinary way, been prevented from asserting her rights in a timely manner; or the plaintiff asserted her rights mistakenly in the wrong forum." *Weatherly v. Human Rights Comm'n*, 338 Ill. App. 3d 433, 439, 788 N.E.2d 1175 (2003).

obligation of the [Illinois Insurance Guaranty] Fund is to pay the 'covered claims' of insolvent insurers." *Hasemann*, 177 Ill. 2d at 417.

As stated above, plaintiff argues that the statute of limitations was tolled from the day plaintiff's cause of action accrued, as found by the trial court to be December 24, 1996, until the day defendant first denied plaintiff's claims on June 14, 1999. Section 143.1 of the Insurance Code states that "[w]henever any policy or contract for insurance \*\*\* contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed \*\*\* until the date the claim is denied in whole or in part." 215 ILCS 5/143.1 (West 2000). However, in the instant case, there is no policy or contract for insurance that contains any provision limiting the period within which plaintiff may have brought suit, nor do the parties so contend. Rather, the certified question states that the statute of limitations found in section 13—205 of the Civil Code applies to the instant case. Thus, because the instant case involves a statutory limitations period rather than a limitations period contained in a policy or contract for insurance, section 143.1, on its face, does not apply. See *In re Detention of Powell*, 344 Ill. App. 3d 97, 100, 799 N.E.2d 937 (2003) ("where the language of a statute is clear and unambiguous, it will be given effect without resort to other aids for construction"). Plaintiff seems to concede as much, stating that section 143.1 of the Insurance Code "expressly provides tolling for certain cases *other* than the one at hand." (Emphasis added.)

█ Plaintiff, however, urges this court to toll the statutory limitations period involved in the case at bar using "[t]he policy behind \*\*\* section 143.1" of the Insurance Code. In response to this argument, two things should be noted. First, our research reveals no case that has applied the tolling provision set forth in section 143.1 of the Insurance Code, or the stated policy behind the tolling provision,[6] to any case involving a *statutory* limitations period like the one here. Rather, the Illinois cases that have applied the tolling provision set forth in section 143.1 of the Insurance Code all involved limitations periods that were agreed upon, and contained in, a *policy* or *contract* for insurance. See, *e.g.*, *Mitchell v. State Farm Fire & Casualty Co.*, 343 Ill.

---

[6]The policy behind section 143.1 of the Insurance Code is to protect the consumer by not allowing an insurance company to "sit[ ] on" a claim once the proof of loss for a claim has been submitted by the insured consumer. The policy seeks to prohibit the insurance company from letting the consumer believe that he or she is protected when, in reality, the statute of limitations is running against his or her claim. See *Trinity Bible Baptist Church v. Federal Kemper Insurance Co.*, 219 Ill. App. 3d 156, 160, 578 N.E.2d 1375 (1991).

App. 3d 281, 285, 796 N.E.2d 617 (2003) (stating that section 143.1 of the Insurance Code applied to the one-year time limitation *set forth in the insurance policy* and operated to toll the limitation therein); *Trinity Bible Baptist Church*, 219 Ill. App. 3d at 157-58 (applying section 143.1 of the Insurance Code to toll the one-year time limitation for bringing claims that was *contained in an insurance policy*). Thus, there is no case law supporting plaintiff's contention that we may use the policy behind section 143.1 of the Insurance Code, which by its express language does not apply to the facts of our case, to toll a statute of limitations period set forth in section 13—205 of the Civil Code.

Second, Illinois law is clear that, as a general rule, the statute of limitations continues to run unless tolling is authorized by a statute. *Illinois Bell Telephone Co. v. Allphin*, 60 Ill. 2d 350, 356, 326 N.E.2d 737 (1975). See also *Dow Chemical Co. v. Department of Revenue*, 224 Ill. App. 3d 263, 268-69, 586 N.E.2d 516 (1991) (stating that "[a]lthough it might seem reasonable to judicially toll the statute of limitations in order to fashion a remedy for [the plaintiff], such a decision is not supported by Illinois case law which holds that no exceptions which toll a statute of limitations or enlarge its scope will be implied," and noting that the case seemed to be one "which calls for a legislative remedy rather than a judicial one"); *Fisher v. Rhodes*, 22 Ill. App. 3d 978, 981, 317 N.E.2d 604 (1974) ("[I]t is an established rule regarding statutes of limitations that no exceptions thereto will be implied, for if the legislature had intended to except any class of persons from the effect of the statute, it would have done so and courts will not assume such authority or dominion").

Accordingly, and despite plaintiff's unsupported contention that "[l]ogically, the same policy [behind section 143.1] should apply to defendant," we refuse to apply such because section 143.1 does not, by its clear and unambiguous language, apply to the facts of this case. Plaintiff has pointed to no statute that, by its own express terms, applies to toll the statutory limitations period applicable to this case, and we find that the statutory limitations period here cannot be judicially tolled merely to fashion a remedy for plaintiff, for this case seems to be one which calls for a legislative, rather than judicial, remedy.

*Dial Corp. v. Marine Office of America*, 318 Ill. App. 3d 1056, 743 N.E.2d 621 (2001), also supports our decision here. In *Dial Corp.*, a cargo owner brought an action against a motor carrier's insurer seeking a declaratory judgment as to whether the insurer owed a duty to indemnify the motor carrier, a defendant in an underlying lawsuit. *Dial Corp.*, 318 Ill. App. 3d at 1058. The *Dial Corp.* court noted that, in the absence of a specific and clear provision that limited the period

within which the lawsuit must be filed, the 10-year statute of limitations for contract actions, set forth in section 13—206 of the Civil Code, applied to the action. *Dial Corp.*, 318 Ill. App. 3d at 1066. The *Dial Corp.* court then found that the plaintiff's action was filed after the 10-year limitations period had lapsed, making it time-barred. *Dial Corp.*, 318 Ill. App. 3d at 1066. In so finding, the *Dial Corp.* court noted that

> "the 10-year statute of limitations period is not tolled by operation of section 143.1 of the Illinois Insurance Code [citation]. That provision, tolling the running of a limitations period from the date proof of loss is filed until the date the claim is denied, applies only to limitation periods contained in the policy." *Dial Corp.*, 318 Ill. App. 3d at 1066.

Thus, although only briefly mentioned, the *Dial Corp.* court also observed that section 143.1 of the Insurance Code did not apply to a statutory limitations period, but rather only to limitation periods contained in the policy, and refused to apply section 143.1 to the 10-year limitations period at issue before it. Accordingly, we answer the certified question here, insofar as the "tolling" in the question relates to tolling pursuant to section 143.1 of the Insurance Code or the policy behind the section, in the negative.

### B. Tolling Using the Doctrine of Equitable Tolling

In response to defendant's argument that plaintiff's cause of action is barred by the five-year statute of limitations, plaintiff also argues that principles of equitable tolling are applicable to the instant case. Defendant contends that plaintiff waived its equitable tolling argument in failing to raise it in the trial court and, alternatively, plaintiff has not alleged facts necessary to invoke equitable tolling.

"[I]t has long been held that arguments not raised in the trial court are considered waived on appeal." *Illinois Tool Works, Inc. v. Independent Machine Corp.*, 345 Ill. App. 3d 645, 652, 802 N.E.2d 1228 (2003). In the instant case, a review of the record reveals that, in the proceedings below, plaintiff, in its brief in opposition to defendant's motion to dismiss plaintiff's third amended complaint, only argued that the statute of limitations applicable to the instant case "was tolled" until defendant first denied plaintiff's claim on June 14, 1999. The record is devoid of any evidence that any equitable tolling argument was made by plaintiff. When asked during oral argument before this court whether plaintiff made any equitable tolling argument below, plaintiff's attorney replied, "I don't believe we did[.]" Thus, we find that plaintiff failed to raise the issue of equitable tolling in the trial court and, consequently, waived the issue for purposes of this appeal.

## II. Whether Principles of Equitable Estoppel Apply

Also in response to defendant's argument that plaintiff's cause of action is barred by the five-year statute of limitations, plaintiff contends that defendant is equitably estopped from asserting the statute of limitations as a defense because plaintiff alleged in its third amended complaint that defendant engaged in conduct that induced plaintiff to delay litigation and would lead any other reasonable person to delay litigation. Defendant argues that plaintiff's equitable estoppel argument is not properly before this court because, while the trial court previously considered the argument, it did not certify any question for appeal regarding equitable estoppel.

■ When an appeal involves a question certified by the trial court, this court's review is strictly limited to the question identified by the trial court order and will not be expanded on appeal to include other matters that could have been included but were not. *In re Detention of Bailey,* 317 Ill. App. 3d at 1076; *Klak v. Skellion,* 317 Ill. App. 3d 1092, 1094, 741 N.E.2d 288 (2000). "While equitable tolling addresses the running or suspension of a limitations period, estoppel comes into play only after the limitations period has run and addresses itself to the circumstances in which a party will be prevented from asserting the passage of the limitations period as a defense." *Weatherly,* 338 Ill. App. 3d at 440. In the instant case, the trial court certified a question only as to whether the statute of limitations was *tolled,* not as to whether defendant was *equitably estopped* from asserting the running of the statute of limitations as a defense. Thus, because the issue of equitable estoppel is a separate issue from that of equitable tolling and was not certified as a question to be addressed by this court on appeal, we do not further address the issue.

## CONCLUSION

For the reasons stated, we answer the certified question in the negative, *i.e.,* we find that the five-year statute of limitations, applicable to plaintiff's cause of action, was not tolled from the time plaintiff's cause of action accrued until the time that defendant first denied plaintiff's claims for unearned premiums.

Certified question answered; cause remanded.

WOLFSON and GARCIA, JJ., concur.