# Illinois Official Reports

## Appellate Court

*In re Commitment of Mitchell*, 2014 IL App (2d) 131139

| | |
|---|---|
| Appellate Court Caption | *In re* COMMITMENT OF PAUL MITCHELL (The People of the State of Illinois, Petitioner-Appellee, v. Paul Mitchell, Respondent-Appellant). |
| District & No. | Second District<br>Docket No. 2-13-1139 |
| Filed | September 17, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings under the Sexually Violent Persons Commitment Act, respondent had no statutory right to a jury, even though his demand was made promptly upon the State's withdrawal of its jury demand, since respondent's demand was made more than 10 days after the probable-cause hearing. |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 10-MR-145; the Hon. Rosemary Collins, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Patrick E. Braun, of Law Office of Patrick E. Braun, of Rockford, for appellant.

Lisa Madigan, Attorney General, of Chicago (Carolyn E. Shapiro, Solicitor General, and Michael M. Glick and Sameena Mohammed, Assistant Attorneys General, of counsel), for the People.

Panel

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices McLaren and Spence concurred in the judgment and opinion.

**OPINION**

¶ 1 In September 2013, following a bench trial, the court found respondent, Paul Mitchell, to be a sexually violent person pursuant to the Sexually Violent Persons Commitment Act (Act) (725 ILCS 207/1 *et seq.* (West 2010)). The court committed respondent to a secure facility for treatment. Respondent appeals, arguing that the court improperly denied his late jury demand and that, therefore, he is entitled to a new trial. Respondent concedes that he has no constitutional right to a jury trial, and he makes no argument concerning the trial court's discretionary powers. Rather, he argues only that, where his request was "promptly" made after the State withdrew its own jury demand, section 2-1105(a) of the Code of Civil Procedure (Code) statutorily entitles him to a jury trial. 735 ILCS 5/2-1105(a) (West 2010). We reject respondent's argument, because the Act provides different guidelines for the timeliness of jury demands. The Act requires that a respondent request a jury trial within 10 days of the probable-cause hearing. Respondent did not do that. Therefore, he has no statutory right to a jury trial, and we affirm.

¶ 2                                  I. BACKGROUND

¶ 3 In March 2010, the State petitioned to commit respondent under the Act. On March 3, 2010, respondent, through counsel, stipulated that there was probable cause to believe that he was a sexually violent person. He waived his right to a speedy trial. Respondent remained detained by the Illinois Department of Human Services.

¶ 4 On March 8, 2010, the State filed a jury demand pursuant to section 35(c) of the Act. That section states:

> "The person who is the subject of the petition, the person's attorney, the Attorney General or the State's Attorney may request that a trial under this Section be by a jury. A request for a jury trial under this subsection *shall be made within 10 days after the probable cause hearing* under Section 30 of this Act. If no request is made, the trial shall be by the court. The person, the person's attorney[,] or the Attorney General or State's Attorney, whichever is applicable, *may withdraw his or her request for a jury trial.*" (Emphases added.) 725 ILCS 207/35(c) (West 2010).

¶ 5    Two years later, on March 1, 2012, the State orally moved to withdraw its jury demand:

> "Your Honor, at this time, we are about ready to set this matter for trial. The People have previously filed a jury demand, and we would ask that we be allowed to withdraw our demand for a jury and proceed by way of bench trial."

The court granted the motion. Respondent, through counsel, orally moved to submit his own jury demand. He posited that, upon the State's withdrawal of its jury demand, though more than 10 days after the probable-cause hearing, he had additional time to file his own jury demand (implicating a statutory right under the Code (735 ILCS 5/2-1105(a) (West 2010)), *not* the Act). The State disagreed, and the court set the matter for hearing. Five days later, respondent filed a written jury demand.

¶ 6    At the hearing, respondent no longer referenced the additional time provided by the Code. Instead, he conceded that he had no statutory right to a jury trial. He simply requested that the court exercise its discretion to grant him a jury trial. Respondent hinted that he had not made his own demand because he had relied on the State's demand ("based on Mr. Mitchell's reliance on that posture, all the parties have *** proceeded [as if the case remained set for jury trial]"). He further argued that the State would not be prejudiced by his late demand for a jury trial.

¶ 7    The trial court denied the motion, noting that nothing "nefarious" had taken place. Respondent "previously indicated that he did not want a jury trial," and, later, he simply "changed his mind." Respondent failed to make a jury demand within 10 days of the probable-cause hearing, as required by the Act. The court found "no reason" to excuse the lack of timeliness. The case proceeded to a hearing on the merits.

¶ 8    The evidence showed that respondent, approximately age 60, had been diagnosed with, *inter alia*, pedophilia (sexually attracted to females) and personality disorder not otherwise specified, with significant narcissistic traits (demonstrating a lack of empathy in a variety of contexts). In recent psychological evaluations, he admitted that he had committed sexual acts against as many as 17 victims. These victims were typically young girls or women whom respondent perceived as innocent. He molested his daughter, his niece, and a cognitively challenged woman. He admitted to seeking out adult relationships only so that he could have access to his partners' children. He broke the conditions of his most recent release by keeping toys within his residence (which was part of his grooming pattern to lure children) and by having sex with the cognitively challenged woman. He recently told a treatment provider that he did not trust himself to stop victimizing others.

¶ 9    Upon the trial court's finding that he was a sexually violent person, respondent moved to reconsider. He alleged, *inter alia*, that the trial court erred in denying his late jury demand. The court denied the motion to reconsider. This appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11    Respondent argues that the trial court erred in denying his late jury demand. Respondent concedes that he has no constitutional right to a jury trial in proceedings under the Act (*In re Detention of Samuelson*, 189 Ill. 2d 548, 560-61 (2000) (there is no constitutional right to a jury trial in a sexually-violent-person case)), and he makes no argument that the trial court

should have exercised its discretionary powers to grant him a jury trial. Rather, he posits that he has a statutory right to a jury trial.[1]

¶ 12    Respondent points to section 2-1105(a) of the Code in support of his argument that he is statutorily entitled to a jury trial. 735 ILCS 5/2-1105(a) (West 2010). Pursuant to section 2-1105(a) of the Code, a defendant *shall* have a trial by jury when the demand is made "promptly" after the plaintiff's withdrawal of its jury demand. *Id*. Because respondent orally made his demand the same day that the State withdrew its own demand and the trial court then and there agreed to hear the issue (and respondent filed his written jury demand five days later), there is no question that respondent's demand was made "promptly" after the State's withdrawal. Therefore, *if* section 2-1105(a) of the Code applies, respondent is statutorily entitled to a jury trial. Respondent urges that section 2-1105(a) should apply, because provisions of the Code apply to proceedings under the Act, except as otherwise provided by the Act. 725 ILCS 207/20 (West 2010).

¶ 13    However, as will be explained, section 2-1105(a) does *not* apply, because the Act provides adequate instructions on the topic of jury demands such that one need not look to the Code. Additionally, we note that the First District, in *People v. Miller*, 2014 IL App (1st) 122186, has already heard, and rejected, the same statutory-interpretation argument raised by respondent. Respondent has made no attempt to challenge the rationale set forth in *Miller*, which we largely adopt herein.

¶ 14    We review issues of statutory construction *de novo*. *In re Detention of Hardin*, 238 Ill. 2d 33, 40 (2010). The primary goal of statutory interpretation is to ascertain and effectuate the legislature's intent in enacting the statute. *People v. Marshall*, 242 Ill. 2d 285, 292 (2011). The best indicator of intent is the plain and ordinary meaning of the statute's language. *Id*. Where the language is clear and unambiguous, we apply the statute without reading into it any conditions, exceptions, or limitations not expressed by the drafter. *Timothy Whelan Law Associates, Ltd. v. Kruppe*, 409 Ill. App. 3d 359, 375 (2011). We interpret each provision not in isolation but in light of the statute as a whole. *People v. Spurlock*, 388 Ill. App. 3d 365, 370 (2009).

¶ 15    Here, as we have discussed, the two provisions at issue are section 2-1105(a) of the Code and section 35(c) of the Act. Section 2-1105(a) states:

"A plaintiff desirous of a trial by jury must file a demand therefor with the clerk at the time the action is commenced. A defendant desirous of a trial by jury must file a demand therefor not later than the filing of his or her answer. Otherwise, the party waives a jury. *** *If the plaintiff files a jury demand and thereafter waives a jury, any defendant* and, in the case of multiple defendants, if the defendant who filed a jury demand thereafter waives a jury, any other defendant *shall be granted a jury trial upon demand therefor made promptly after being advised of the waiver* and upon payment of the proper fees, if any, to the clerk." (Emphases added.) 735 ILCS 5/2-1105(a) (West 2010).

Section 35(c) states:

---

[1]We acknowledge that, at trial, respondent did not argue that he had a statutory right to a jury trial. Rather, he urged the trial court to exercise its discretion to grant him one. However, because respondent never abandoned his position that he was entitled to a jury trial, and because the question raised on appeal can be determined as a matter of law, we address the argument.

"The person who is the subject of the petition, the person's attorney, the Attorney General or the State's Attorney may request that a trial under this Section be by a jury. A request for a jury trial under this subsection *shall be made within 10 days after the probable cause hearing* under Section 30 of this Act. If no request is made, the trial shall be by the court. The person, the person's attorney[,] or the Attorney General or State's Attorney, whichever is applicable, *may withdraw his or her request for a jury trial*." (Emphases added.) 725 ILCS 207/35(c) (West 2010).

¶ 16     We reject respondent's argument, because we disagree with its underlying premise, *i.e.*, that the Act does not adequately set forth the time by which a respondent must make a jury demand. The Act specifies that a respondent *shall* make his or her demand for a jury trial within 10 days of the probable-cause hearing; otherwise, the trial shall be by court. The Act further specifies that whichever party made the demand may withdraw it. It does not, however, state that such a withdrawal reactivates the other party's opportunity to demand a jury trial. Where the plain language does not include an exception to the 10-day rule, we should not read an exception into the statute. See, *e.g.*, *Timothy Whelan*, 409 Ill. App. 3d at 375.

¶ 17     As noted by the First District in *Miller*, section 35(c) of the Act and section 2-1105(a) of the Code each govern the same issue: when to file a jury demand in proceedings under each respective statute. *Miller*, 2014 IL App (1st) 122186, ¶ 18. Notably, although section 2-1105(a) states that a defendant shall be granted a jury trial if the demand is made promptly upon the plaintiff's withdrawal, it is not a distinct section but, rather, is part of the section that sets forth the general deadlines for filing a jury demand. *Id*. If the legislature had intended for a similar exception to apply upon the State's withdrawal of a jury demand during proceedings under the Act, it could have so stated in the Act's section detailing the general deadlines for filing a jury demand.

¶ 18     Moreover, as also noted by the First District in *Miller*, the legislative history indicates that the legislature did not intend for the State's withdrawal to provide an exception to the 10-day rule. *Id*. ¶ 19. In enacting section 35(c), it seems, the legislature initially drafted the section to state that the jury demand may be withdrawn only if the party that did not make the demand consents to the withdrawal. See 90th Ill. Gen. Assem., Senate Bill 6, 1997 Sess., Summary.[2] However, a subsequently adopted amendment to the draft "[e]liminate[d] the requirement that the jury trial may be withdrawn only if the party that did not make that request consents to the withdrawal." *Id*. Indeed, as the current provision stands, there is no such requirement. 725 ILCS 207/35(c) (West 2010). The Act's stricken requirement that the respondent must consent to the State's withdrawal is effectively the same as the Code's standing requirement that the defendant be allowed to promptly submit his or her own jury demand upon the plaintiff's withdrawal. *Miller*, 2014 IL App (1st) 122186, ¶ 19. That the legislature chose to strike the requirement in the Act and leave it standing in the Code evinces an intent that a respondent subject to proceedings under the Act must make his or her jury demand within 10 days following the probable-cause hearing, regardless of the State's actions. *Id*.

¶ 19     We express no opinion as to whether a trial court could or should exercise its discretion to grant a respondent a jury trial when the demand is made promptly after the State's withdrawal of its jury demand. In any case, here, the trial court rejected the factual assertions underlying

_____

[2]This document can be found at http://www.ilga.gov/legislation/legisnet90/summary/900SB0006.html.

respondent's request that it exercise its discretionary powers. The court stated that respondent had not relied on the State's jury demand but had "previously indicated that he did not want a jury trial" and, later, simply "changed his mind." Therefore, in the court's view, this was not a situation where respondent had a proverbial rug pulled out from underneath him. Here, the only question before us is whether a respondent in proceedings under the Act has a *statutory* right to a jury when a demand is made promptly upon the State's withdrawal of its demand but more than 10 days after the probable-cause hearing. For the above-stated reasons, we answer in the negative.

¶ 20                                          III. CONCLUSION

¶ 21        For the aforementioned reasons, we affirm the judgment of the trial court.

¶ 22        Affirmed.