2015 IL App (2d) 141154
No. 2-14-1154
Opinion filed September 23, 2015

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kendall County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 11-CF-94 |
| DALE LARSON, | ) ) ) | Honorable Timothy J. McCann, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ZENOFF delivered the judgment of the court, with opinion.
Presiding Justice Schostok and Justice Spence concurred in the judgment and opinion.

**OPINION**

¶ 1    On April 21, 2011, a Kendall County grand jury indicted defendant, Dale Larson, on a single count of possession of a firearm without a valid firearm owner's identification (FOID) card, in violation of section 2(a)(1) of the Firearm Owners Identification Card Act (Act) (430 ILCS 65/2(a)(1) (West 2010)).    The offense was charged as a Class 3 felony pursuant to section 14(c)(1) of the Act (430 ILCS 65/14(c)(1) (West 2010)).    Section 14(c)(1) provides, in pertinent part, that a violation of section 2(a)(1) is a Class 3 felony when the offender's FOID card is revoked.    Following a bench trial, defendant was found guilty and was sentenced to a two-year prison term.    Defendant argues on appeal that, under the circumstances of this case, section 14(c)(1) is in conflict with section 14(b), which provides, in pertinent part, that a violation of

section 2(a)(1) is a Class A misdemeanor "when the person does not possess a currently valid [FOID card], *but is otherwise eligible under this Act*." (Emphasis added.) 430 ILCS 65/14(b) (West 2010). Defendant argues that, although his FOID card was revoked when the offense occurred, he was also eligible at that time to have his card reinstated and thus the offense was only a misdemeanor. We affirm.

¶ 2     The salient facts are not in dispute. On October 18, 2010, the circuit court of Kendall County entered an emergency order of protection against defendant pursuant to the Illinois Domestic Violence Act of 1986 (750 ILCS 60/101 *et seq.* (West 2010)). On December 13, 2010, the court entered a plenary order of protection with an expiration date of February 14, 2011. As a result of the order of protection, the Illinois State Police revoked defendant's FOID card. See 430 ILCS 65/8.2 (West 2010) ("The Department of State Police shall deny an application or shall revoke and seize a [FOID card] previously issued under this Act if the Department finds that the applicant or person to whom such card was issued is or was at the time of issuance subject to an existing order of protection."). On February 14, 2011, two officers with the Yorkville police department responded to a report of a domestic disturbance at defendant's home. While at defendant's home, one of the officers discovered a firearm in a holster hanging from defendant's bed rail.

¶ 3     Defendant argues that, because the order of protection had expired by the time the firearm was discovered, he was no longer barred from holding a FOID card. Defendant concedes that his FOID card was still revoked at that point. He insists, however, that he was eligible to obtain a FOID card. By their respective terms, section 14(b) and section 14(c)(1) can each be applied to the facts presented. But each yields a different outcome. Application of section 14(b) results in the offense being classified as a misdemeanor because defendant did not

possess a currently valid FOID card but was "otherwise eligible under [the] Act." 430 ILCS 65/14(b) (West 2010). Application of section 14(c)(1) results in the offense being classified as a felony because defendant's FOID card was revoked. According to defendant, the rule of lenity resolves the conflict in his favor.

¶ 4    As our supreme court has recently noted, "Under the rule of lenity, we adopt the 'more lenient interpretation of a criminal statute "when, *after consulting traditional canons of statutory construction*, we are left with an ambiguous statute." ' " (Emphasis added.) *People v. Gaytan*, 2015 IL 116223, ¶ 39 (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. ___, ___, 131 S. Ct. 1325, 1336 (2011), quoting *United States v. Shabani*, 513 U.S. 10, 17 (1994)). Here, we conclude that the proper application of the sentencing scheme can be determined with reference to traditional canons of statutory construction, leaving no ambiguity that would require us to adopt the more lenient interpretation.

¶ 5    When construing a statute, a court's primary goal "is to give effect to the legislature's intent, best indicated by giving the statutory language its plain and ordinary meaning." *People v. Almond*, 2015 IL 113817, ¶ 34. "We interpret each provision not in isolation but in light of the statute as a whole." *In re Commitment of Mitchell*, 2014 IL App (2d) 131139, ¶ 14. Moreover, "[c]ourts should construe statutes so as to yield logical and meaningful results and to avoid constructions that render specific language superfluous or meaningless." *In re Application of the County Collector*, 2014 IL App (2d) 140223, ¶ 16. In addition, "[o]ne section of a statute should not be interpreted in a way that renders another section of the same statute irrelevant." *Id.* ¶ 17.

¶ 6    Consonant with these principles, we must consider sections 14(b) and 14(c)(1) with another sentencing provision—section 14(c)(3), which provides that a violation of section 2(a) is

a Class 3 felony if the offender "does not possess a currently valid Firearm Owner's Identification Card, and *** *is not otherwise eligible under this Act*." (Emphasis added.) 430 ILCS 65/14(c)(3) (West 2010). To apply the rule of lenity in the manner defendant proposes would be functionally equivalent to construing section 14(c)(1) as if it were likewise qualified by the words "is not otherwise eligible under this Act." Were that the case, however, the word "revoked" could be stricken from section 14(c)(1) without affecting the sentencing scheme. After all, persons whose FOID cards have been revoked are merely a specific subset of the class of persons described in section 14(c)(3)—those who do not possess currently valid FOID cards. In this respect, all that distinguishes section 14(c)(1) from section 14(c)(3) is that, under the former, the penalty for the offense does not depend on whether the offender was eligible to obtain a FOID card. Defendant's application of the rule of lenity eliminates the distinction, rendering section 14(c)(1) superfluous in cases where an offender's FOID card is revoked: if he or she is eligible to obtain a FOID card, he or she would be guilty of a Class A misdemeanor under section 14(b), and, if ineligible, he or she would be guilty of a Class 3 felony under section 14(c)(3).

¶ 7 Our conclusion is supported by another well-established rule of construction. As our supreme court has noted, "[w]here there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one subject, the particular provision must prevail. [Citations.]" (Internal quotation marks omitted.) *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190, 195-96 (1992). In this case, section 14(b) relates to a general category of cases—those where the offender is not in possession of a currently valid FOID card. Section 14(c)(1) relates to the narrower subset

consisting of cases in which the offender's FOID card has been revoked. Accordingly, section 14(c)(1) is controlling.

¶ 8   We recognize, as defendant points out, that the General Assembly has stated that the Act was designed to "provide a system of identifying persons who are not qualified to acquire or possess firearms, firearm ammunition, stun guns, and tasers within the State of Illinois by the establishment of a system of Firearm Owner's Identification Cards, thereby establishing a practical and workable system by which law enforcement authorities will be afforded an opportunity to identify those persons who are prohibited *** from acquiring or possessing firearms and firearm ammunition and who are prohibited by this Act from acquiring stun guns and tasers."   430 ILCS 65/1 (West 2010).   Defendant contends that, in light of this legislative objective, the controlling consideration when determining the penalty for a violation should be whether the offender was eligible to obtain a FOID card.   The thrust of the argument appears to be that an offender who is eligible to obtain a card disrupts the Act's regulatory scheme, but does not seriously undermine the Act's ultimate objective of preventing certain individuals from obtaining or possessing firearms.   We are not persuaded.   It was the General Assembly's prerogative to determine what penalties to attach to different categories of violations.   Based on the structure and language of the Act and its sentencing scheme, it is evident that the General Assembly concluded that possession of firearms after revocation of one's FOID card represents a greater public-safety threat than the mere failure to apply for a card.

¶ 9   For the foregoing reasons, the judgment of the circuit court of Kendall County is affirmed.   As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal.   55 ILCS 5/4-2002(a) (West 2014); see also *People v. Nicholls*, 71 Ill. 2d 166, 179 (1978).

¶ 10     Affirmed.