2023 IL App (2d) 220121-U
No. 2-22-0121
Order filed March 8, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kendall County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18-CF-102 |
| CHARLES J. WOLD, | ) ) ) | Honorable Robert P. Pilmer, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Presiding Justice McLaren and Justice Hutchinson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant was convicted of possessing a firearm without a valid Firearm Owners Identification Card.  He was properly sentenced as a Class 3 felon because his card had been revoked when he possessed the firearm.

¶ 2    Defendant, Charles J. Wold, appeals the judgment of the circuit court of Kendall County sentencing him as a Class 3 felon (see 730 ILCS 5/5-4.5-40(a) (West 2018)) on his conviction for possession of a firearm while his Firearm Owners Identification Card (FOID card) was revoked (430 ILCS 65/2(a)(1) (West 2018)).  He contends that his revocation did not qualify him to be sentenced as a Class 3 felon.  We affirm because defendant's revocation satisfied section 14(c)(1)

of the Firearm Owners Identification Act (FOID Card Act) (430 ILCS 65/14(c)(1) (West 2018)) and, thus, he was eligible for sentencing as a Class 3 felon.

¶ 3                                     I. BACKGROUND

¶ 4      Following a bench trial, defendant was found guilty of (1) one count of unlawful use of a weapon for knowingly possessing or carrying a handgun in a tavern (720 ILCS 5/24-1(a)(8) (West 2018)) (count I), (2) one count of aggravated unlawful use of a weapon for knowingly carrying on or about his person a handgun without having been issued a valid FOID card (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2018)) (count II), and (3) one count of possession of a firearm without the required FOID card—in violation of sections 2(a)(1) and 14(c)(1) of the FOID Card Act (430 ILCS 65/2(a)(1), 14(c)(1) (West 2018))—based on his FOID card "having been revoked" (count III).[1]

¶ 5      The following evidence was established at the bench trial. On March 26, 2018, the Oswego Police Department received a 911 call that a white male wearing a gray sweatshirt and a ball cap was carrying a gun in the Oswego Inn. Two Oswego officers responded and saw defendant wearing clothing similar to that described in the 911 call. They asked defendant to step outside to talk, and he complied. When asked if he had a gun, defendant answered that he did, lifted his sweatshirt, and revealed a handgun in his waistband. After removing the handgun from defendant's waistband, the officers discovered that it was unloaded and that defendant possessed

---

[1] Count III originally was based on defendant's FOID card "having been revoked or subject to revocation under Section 8 [of the FOID Card Act]." The State, with defendant's agreement, subsequently amended count III of the indictment to eliminate "subject to revocation under Section 8." (Emphasis omitted).

no ammunition. After receiving information that defendant's FOID card was revoked, the officers arrested defendant. The State introduced records from the Illinois State Police (ISP) that defendant's FOID card had been revoked in 2014.

¶ 6    Randall Wilson, an ISP employee, testified for defendant that, in September of 2014, the ISP revoked defendant's FOID card. According to Wilson, the ISP discovered that defendant had been convicted in Du Page County of misdemeanor driving under the influence of alcohol (DUI). The sentencing order in the DUI case stated, in pertinent part, that defendant was to serve a two-year term of probation. One of the listed conditions of probation was that defendant "[r]efrain from possessing a firearm or other dangerous weapon[ ]" during the probation term.

¶ 7    On September 29, 2014, the ISP sent defendant a letter stating that his FOID card was revoked because of his court-ordered probation in the DUI case. The letter cited, as authority for the revocation, the "Firearms Owner's Identification (FOID) Act, Illinois Compiled Statutes, 730 ILCS 5/5-6-3 and [730 ILCS 5/5-] 6-3.1 and the Unified Code of Corrections, 730 ILCS 5/3-3-7(a)(2)[.]" Wilson acknowledged that the revocation letter did not expressly state that the ISP revoked defendant's FOID card under section 8 of the FOID Card Act (430 ILCS 65/8 (West 2018)), which authorizes the ISP to deny an application for or revoke a FOID card on certain enumerated grounds.

¶ 8    Wilson explained that, where a FOID-card revocation is based on a probation-based firearms prohibition, the person is eligible to seek reinstatement of his FOID card once the probation has ended.

¶ 9    In deciding whether defendant was guilty of count III, the trial court found initially that the State did not have to prove that defendant violated section 14(c)(1) of the FOID Card Act, because that section was a sentencing provision. Specifically, section 14(c)(1) of the FOID Card Act (430

ILCS 65/14(c)(1) (West 2018)) states: " '[A] violation of [section 2(a)(1) of the FOID Card Act (430 ILCS 65/2(a)(1) (West 2018)] is a Class 3 felony when *** the person's [FOID card] is revoked or subject to revocation under Section 8 [of the FOID Card Act].' " The court determined that count III's reference to section 14(c)(1) was "surplusage[ ] *** and is not a necessary element of the offense charged." Rather, to establish a violation of section 2(a)(1) of the FOID Card Act— the offense charged in count III—the State needed to prove only that defendant (1) knowingly possessed a firearm, (2) within the State of Illinois, and (3) without possessing a valid FOID card. See 430 ILCS 65/2(a)(1) (West 2018) ("No person may acquire or possess any firearm, stun gun, or taser within this State without having in his or her possession a [FOID card] previously issued in his or her name by [the ISP] under the provisions of this Act.").

¶ 10    The court further found that the State met the third element here simply by proving that defendant's FOID card was revoked; the State did not need to also prove that the FOID card was revoked under section 8 of the FOID Card Act. Thus, the court found that the State proved defendant guilty of count III. The court then set the matter for sentencing.

¶ 11    Defendant filed a motion for clarification. In that motion, defendant contended that, to support Class 3 felony sentencing, the State needed to establish that defendant's FOID card had been revoked under section 8 of the FOID Card Act. Defendant asked, "Is the Court finding that simply establishing Defendant's FOID card was revoked, *regardless of whether it was pursuant to section 8* (as the statute reads), is sufficient to make the offense a non probationable Class 3 felony?" (Emphasis in original.)

¶ 12    Defendant also filed a motion to reconsider the finding of guilty on count III. Defendant reiterated his argument that the State must prove that his FOID card was revoked under section 8 of the FOID Card Act before he could be sentenced as a Class 3 felon.

¶ 13    At the hearing on the two motions, defendant acknowledged that he was properly found guilty of possessing a firearm while his FOID card was revoked.  However, he argued that he could not be sentenced as a Class 3 felon unless the State established that his FOID card was revoked under section 8 of the FOID Card Act.  The trial court disagreed, finding that once the State proved that defendant's FOID card was revoked, then defendant was eligible for sentencing as a Class 3 felon regardless of the revocation's basis.  Thus, the court denied the motion to clarify and the motion to reconsider.

¶ 14    At sentencing, defendant reasserted that he could not be sentenced as a Class 3 felon unless the State proved that his FOID card had been revoked under section 8 of the FOID Card Act.  In support, he submitted a letter from the ISP to another person expressly stating that the person's FOID card had been revoked under section 8.  The trial court again rejected defendant's argument and sentenced him to the minimum Class 3 sentence of two years in prison (see 730 ILCS 5/5-4.5-40(a) (West 2018)).  The court noted that, but for the mandatory prison sentence, it would have sentenced defendant to probation on count III.

¶ 15    Defendant filed a motion to reconsider the sentence, arguing that he was improperly sentenced as a Class 3 felon because the State never proved that his FOID card was revoked under section 8 of the FOID Card Act.  The trial court denied the motion to reconsider, and defendant filed this timely appeal.

¶ 16                                    II. ANALYSIS

¶ 17    In his opening brief on appeal, defendant contends that he was not properly sentenced as a Class 3 felon under section 14(c)(1) of the FOID Card Act (430 ILCS 65/14(c)1) (West 2018)), because the State never proved, and the trial court never found, that his FOID card was revoked under section 8 of the FOID Card Act (430 ILCS 65/8 (West 2018)).  The State, claiming that

defendant's FOID card was indeed revoked under section 8, points to subsection 8(n), which provides that the ISP may revoke a FOID card if the person "is prohibited from acquiring or possessing firearms *** by any Illinois State statute." 430 ILCS 65/8(n) (West 2018). The State then contends that the "Illinois State statute" prohibiting defendant's possession of firearms was section 5-6-3(b)(19) of the Unified Code of Corrections (Code) (730 ILCS 5/5-6-3(b)(19) (West 2018)), under which the trial court imposed the probation condition in defendant's DUI case that defendant "[r]efrain from possessing a firearm or other dangerous weapon." In his reply brief, defendant does not dispute that he was initially revoked under section 8(n). Instead, he contends that, because the ground for the revocation—the probation-based firearm restriction—had terminated before he committed the offense in this case, he was not subject to punishment as a Class 3 felon.

¶ 18    "[The] primary goal when construing a statute is to give effect to the legislature's intent, best indicated by giving the statutory language its plain and ordinary meaning." *People v. Almond*, 2015 IL 113817, ¶ 34. All laws should be sensibly interpreted to not produce an absurd result contrary to obvious legislative intent. *People v. Harvey*, 2018 IL 122325, ¶ 26. "A court must view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation." *People v. Casler*, 2020 IL 125117, ¶ 24.

¶ 19    Here, we begin with section 2(a)(1) of the FOID Card Act. Section 2(a)(1) states: "No person may acquire or possess any firearm, stun gun, or taser within this State without having in his or her possession a [FOID card] previously issued in his or her name by [the ISP] under the provisions of this Act." 430 ILCS 65/2(a)(1) (West 2018). Section 14(c)(1), in turn, provides that a violation of section 2(a)(1) is a Class 3 felony if the person's FOID card "is revoked or subject to revocation under Section 8" of the FOID Card Act. 430 ILCS 65/14(c)(1) (West 2018). The

plain language of section 14(c)(1) makes a violation of section 2(a)(1) a Class 3 felony only if the defendant's FOID card was revoked or subject to revocation under section 8.

¶ 20 Section 8 is the sole authority for the ISP to revoke a FOID card.[2] 430 ILCS 65/8 (West 2018); see *Odle v. Department of State Police*, 2015 IL App (5th) 140274, ¶ 3. Section 8 states, in pertinent part, that the ISP has the authority to revoke a FOID card previously issued "only if [the ISP] finds that the applicant or the person to whom such card was issued is or was at the time of issuance" a person meeting certain enumerated criteria (430 ILCS 65/8 (West 2018)), *e.g.*, "[a] person who is prohibited from acquiring or possessing firearms *** by any Illinois State statute ***." (430 ILCS 65/8(n) (West 2018)). See *People v. Frederick*, 2015 IL App (2d) 140540, ¶ 4.

¶ 21 Here, defendant was convicted of misdemeanor DUI in 2014. There, the sentence included a two-year term of probation, one condition of which was that defendant refrain from possessing firearms. Section 5-6-3(b) of the Code provides, in relevant part, that a court imposing a sentence of probation may, as a matter of discretion, include one or more of several enumerated conditions. 730 ILCS 5/5-6-3(b) (West 2018). Section 5-6-3(b)(19) of the Code states that, in the case of a misdemeanor not involving the intentional or knowing infliction of bodily harm or threat of bodily harm, the court has discretion to require the defendant to "refrain from possessing a firearm" during the probation term. 730 ILCS 5/5-6-3(b)(19) (West 2018). Section 5-6-3(b)(19) was the "Illinois State statute" (per section 8(n) of the FOID Card Act) under which the trial court prohibited defendant, as a condition of probation, from possessing firearms. Thus, the revocation of

---

[2]The ISP's authority to regulate, including revoke, FOID cards derives solely from the FOID Card Act. Section 8 is the only provision of the FOID Card Act authorizing revocation of FOID cards.

defendant's FOID card was authorized under section 8 of the FOID Card Act and, per section 14(c)(1), defendant's possession of a firearm while his FOID card was revoked made him eligible for Class 3 felony sentencing.

¶ 22    Further, the ISP letter notifying defendant that his FOID card had been revoked identified the authority for the revocation as the FOID Card Act and "Illinois Compiled Statutes," including section 5-6-3 of the Code. The letter also notified defendant that his FOID card was revoked because he had been placed on probation for DUI. Although the revocation letter did not expressly refer to section 8 as the basis for revocation, such basis was clearly implied. See *Coram v. State of Illinois*, 2013 IL 113867, ¶ 8 (although not identified as a statutory basis in the ISP's letter denying the defendant a FOID card, the ISP's revocation authority under section 8(n) of the FOID Card Act was "obviously" the basis for the denial). Indeed, as discussed, section 8 is the sole authority for revocation of a FOID card.

¶ 23    Nor was the revocation letter required to specifically refer to section 8. Section 9 of the FOID Card Act sets forth the requirements for the written notice of revocation. 430 ILCS 65/9 (West 2018). Under that provision, the ISP's written notice must specify "the grounds upon which [the FOID card] has been revoked." 430 ILCS 65/9 (West 2018). Section 9 does not require that the notice include any reference to section 8. The revocation letter here, which specifically identified the grounds for revocation as section 5-6-3 of the Code and the probation in the DUI case, complied with section 9 of the FOID Card Act.

¶ 24    We next address defendant's argument that, because his probation term—with its firearms restriction—had expired before he violated section 2(a)(1) of the FOID Card Act, he was not eligible for sentencing as a Class 3 felon. We disagree. Although defendant might not have been subject to revocation on the date of the offense, because he was no longer subject to the probation-

based firearms restriction, that fact is irrelevant, as his FOID card was previously revoked and remained so when he committed the offense. The revocation would continue until defendant's FOID card was reinstated under the FOID Card Act. See 430 ILCS 65/10(a), 11(a) (West 2018); *People v. Larson*, 2015 IL App (2d) 141154, ¶ 8 (mere eligibility to have a FOID card reinstated after revocation does not alter the fact that the card continued to be revoked until actually reinstated). Because defendant's FOID card remained revoked under section 8 when he carried the handgun into the Oswego Inn, he was properly sentenced as a Class 3 felon under section 14(c)(1) of the FOID Card Act.

¶ 25    That leaves defendant's argument based on section 9.5 of the FOID Card Act (430 ILCS 65/9.5 (West 2018)). Section 9.5(a) requires a person notified under section 9 of his FOID-card revocation to surrender his FOID card within 48 hours and complete a firearm disposition record. 430 ILCS 65/9.5(a) (West 2018). The failure to comply with subsection (a) is a Class A misdemeanor. 430 ILCS 65/9.5(d) (West 2018). Contrary to defendant's assertion, section 9.5 does not create another category of revocation (to be distinguished from a section 8-based revocation). Instead, it merely creates additional requirements for someone whose FOID card has already been revoked. We further disagree with defendant's contention that section 14 cannot coexist with section 9.5. Section 14 establishes the penalty for possession of a firearm while a person's FOID card is revoked, whereas section 9.5 punishes the failure to surrender a revoked card and complete a disposition record. Clearly, section 14 and section 9.5 address different criminal conduct and serve two distinct purposes within the regulatory scheme.

¶ 26    Finally, we note that we are affirming defendant's sentence on grounds different from those of the trial court. However, we may do so, as the record supports our conclusion. See *Beacham v. Walker*, 231 Ill. 2d 51, 61 (2008).

¶ 27                            III. CONCLUSION

¶ 28    For the reasons stated, we affirm the judgment of the circuit court of Kendall County.

¶ 29    Affirmed.